

# AFONSO BAKER & ARCHIE, P.C.
## ATTORNEYS AT LAW

ALBERT M. AFONSO, ESQ.
THEODORE J. BAKER, ESQ.
TROY A. ARCHIE, ESQ.
ERIC R. FOLEY, ESQ.
TERRELL A. RATLIFF, ESQ.

PHONE: (856) 786-7000
FAX: (856) 385-8181

LAWYERS@AFONSOBAKER.COM

February 17, 2015

<u>Via Electronic Filing and Hand Delivery</u>
Honorable Robert B. Kugler
United States District Judge
Mitchell Cohen Courthouse
Fourth and Cooper Street
1 John F. Gerry Plaza
Camden, NJ 08102

  Re.: <u>United States v. Salvatore Pelullo</u>
    Criminal No.: 11-740 (RBK)

Dear Judge Kugler:

  Enclosed please find a copy of Defendant Salvatore Pelullo's Motion for Recusal from Sentencing as it relates to the above referenced matter. Further, please be advised that the undersigned will be out of the country from March 18th to March 22nd; therefore, I respectfully request a hearing before or after that date that is convenient for the Court.

  If Your Honor should have any questions, please do not hesitate to contact me directly.

  Thank you in advance for your attention, courtesies and consideration to this matter.

          Respectfully Submitted,

          /s/ Troy A. Archie, Esquire

TAA/jd
w/encl.

# AFONSO BAKER & ARCHIE, P.C.
## ATTORNEYS AT LAW

AB&A

ALBERT M. AFONSO, ESQ.
THEODORE J. BAKER, ESQ.
TROY A. ARCHIE, ESQ.
ERIC R. FOLEY, ESQ.
TERRELL A. RATLIFF, ESQ.

PHONE: (856) 786-7000
FAX: (856) 385-8181

LAWYERS@AFONSOBAKER.COM

February 17, 2015

Via Electronic Filing and Hand Delivery
Honorable Robert B. Kugler
United States District Judge
Mitchell Cohen Courthouse
Fourth and Cooper Street
1 John F. Gerry Plaza
Camden, NJ 08102

  Re: USA v. Salvatore L. Pelullo
     Criminal No.: 11-740 (RBK)

Dear Judge Kugler:

  Please accept this letter brief in lieu of more formal submission in support of Defendant Salvatore L. Pelullo's Motion for Recusal from sentencing in the above referenced matter.

## INTRODUCTORY STATEMENT

  As this Court is well aware, the movant, Salvatore Pelullo, previously filed motion(s) asking this Court to recuse itself from the entire matter. This Court denied those motions on September 7, 2012 and July 3, 2013, respectively. However, the Defendant currently seeks to have the Honorable Robert B. Kugler recuse himself under § 455(a) solely for the purpose of ruling upon the currently pending sentencing of Salvatore Pelullo. Defendant Pelullo seeks recusal based on the Court's statements in a hearing unrelated to the within case (US v. Andrew Clarke, et al., Criminal No. 13-021) in the presence of Counsel (Farrell and Catanzaro) related to

1

the within case, in which the Court essentially accused the unrelated defendant of complicity with Salvatore Pelullo in how, or what to say, or what to ask for in court. (See Exhibit "A", <u>USA v. Andrew Clarke, et al.</u> September 15, 2014, Tr., pages 15-17 and Page 29)

*MR. ANDREW CLARKE*: But you just did rule on it, sir. I'm assuming you said it's denied. And see I was told that whenever I'm denied bail and stuff like that, I can go to the Third Circuit Court of Appeals with my issues, but I need the Order.

*THE COURT*: Did Sal tell you that?

*MR. ANDREW CLARKE*: Pardon? Did who?

*THE COURT*: Sal. Did your friend Sal Pelullo tell you that?

*MR. ANDREW CLARKE*: I have a friend named Sal Pelullo?

*THE COURT*: Yeah. Don't play games with me. We don't have time for games. He's wrong.

*MR. ANDREW CLARKE*: Sir, that's prejudicial. I don't know what you got with -- that's like me telling you you can't go into the jury room during deliberations, sir. Please, that's -- let's don't do that. Sir, you're an honorable man. I'm not. Please. No. That's inappropriate, sir. It's the truth. It doesn't matter. It's the truth. You can't -- so what. Sal is a friend of mine now? No. I already have guys whose, you know, getting on my case saying that I told them stuff I didn't say. By you doing that, I don't know what you mean. Maybe later you can say that I told him something or I want that -- can you strike that, please?

*THE COURT*: No. You take any appeal you think is --

*MR. ANDREW CLARKE*: Sir, that's inappropriate.

*THE COURT*: Mr. Clarke, you take any appeal you think is appropriate. All right?

*MR. ANDREW CLARKE*: Sir, that was totally inappropriate, sir. Sal Pelullo, that's the a guy that's I don't know him. He's not my friend. But I just, I just know I was told, actually I was told from my friend Mark Catanzaro, if I'm denied bail or something in order to get relief, interlocutory, I would have to have the Order denying it. I didn't expect it. I just want the Order denying it. That's really, that's all I want, sir. If it's denied, can I have the Order. I don't even want what the law says I'm supposed to have, sir. That's it. I'm not asking for any more. Can I have the Order denying my bail if it's denied, like you said it was. Pardon?

*THE COURT*: I'm waiting for you to finish.

## LEGAL ARGUMENT

### I.  STATEMENTS MADE IN THE CLARKE HEARING.

The Courts colloquy with defendant Andrew Clarke on September 15, 2014 during Clarke's (a Pro Se Defendant) pre-trial motion hearing calls into question the Courts ability to impose a sentence on Mr. Pelullo impartially and fairly.  Despite the fact that the Honorable Robert B. Kugler is a respected jurist, with a distinguished record while on the Federal bench, that does not resolve the matter nor does it even present the proper inquiry.  As the Third Circuit has stated in one of the lead cases applying § 455(a):

> "The district judge in this case has been a distinguished member of the federal judiciary for almost 15 years and is no stranger to this court; he is well known and respected for magnificent abilities and outstanding jurisprudential and judicial temperament. On the basis of our collective experience, we would not agree that he is incapable of discharging judicial duties free from bias or prejudice. Unfortunately, that is not the test. It is not our subjective impressions of his impartiality gleaned after reviewing his decisions these many years; rather, the polestar is '[i]mpartiality and the appearance of impartiality.' "

Haines v. Liggett Group Inc., 975 F.2d 81, 98 (3d Cir. 1992). The exact same could be said with regard to the Honorable Robert B. Kugler in the present situation prior to sentencing. Although the Court may be free from any actual prejudice, objectively, the extent to which the Honorable Robert B. Kugler accused another defendant who has absolutely nothing to do with the within case of listening to Sal Pelullo's legal advice displays an appearance of partiality sufficient to warrant recusal under § 455(a). Without any evidence that defendants Pelullo and Clarke even knew or had contact with each other, the Court questioned defendant Clarke with receiving advice from Mr. Pelullo and using that same advice in Judge Kugler's courtroom. Defendant Pelullo who is facing an enormous amount of prison time after being convicted by a jury, hears about the aforesaid statements, and then reads the transcript from Clarke, now must be sentenced by Judge Kugler with fear that the Court's thoughts and perceptions are preconceived before seeing one page of a presentence report, before reading one page of any departure motions, before hearing one argument in mitigation based on proposed changes in the law or before receiving and reading any letters of support. The above circumstances would lead a common person to believe that an appearance of partiality exist in this case especially in light of the fact that this Court has already admonished Mr. Pelullo for allegedly wasting time, based on information the Court learned from other defense lawyers, for giving jail house lawyer consultations with other defendants being housed in the Philadelphia Federal Detention Center. (See Exhibit "B"10-01-2013 Tr. at Pg. 64-65). [1]

---

[1] Defendant Pelullo believes his name was used by the Court in a similar vein in another case other than the within Case No. 11-740. The undersigned attempted to vet Mr. Pelullo's claim by asking other defense counsel and Court Report Carl Nami but was unable to substantiate the defendant's claim.

4

## II. THE COURT SHOULD BE RECUSED PRIOR TO SENTENCING BECAUSE THE STATEMENTS IN CLARKE REGARDING SALVATORE PELULLO CREATES AN APPEARANCE OF PARTIALITY IN THE WITHIN CASE.

The recusal statute under which the Defendant has proceeded in the instant case, 28 U.S.C. §455(a), compels recusal when there is merely an appearance of partiality, not actual bias. Specifically, it provides that a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995)(citing Liteky v. United States, 510 U.S. 540, 553, 114 S. Ct. 1147, 1150 (1994); United States v. Bertoli, 40 F.3d 1384, 1412 (3d Cir. 1994)). This standard requires a court to disqualify himself whenever "there is a reasonable factual basis for doubting the judge's impartiality." Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993).

Based upon the language of the statute, the Third Circuit has made clear that the applicable analysis requires an objective, rather than subjective, inquiry. Antar, 53 F.3d at 574. A litigant, therefore, does not have to establish any actual bias or animus in order for recusal to ensue. In fact, the Third Circuit has repeatedly stated, "The judge does not have to be subjectively biased or prejudiced, so long as he appears to be so." Bertoli, 40 F.3d at 1412; see also Alexander, 10 F.3d at 155 and 162 (even though petitioners did not establish actual bias, recusal warranted because "the record to date discloses that [District Court's] impartiality could be reasonably questioned").

The Third Circuit has stated that this need for an objective analysis requires a court to employ a "reasonable man" standard when deciding upon a motion to recuse. Under this standard, "if a 'reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality' ..., then the judge must recuse." Antar, 50 F.3d at 574 (quoting In re Larson, 43 F.3d 410, 415 (8th Cir. 1994) and Potashnick v. Port City Constr. Co., 609 F.2d

5

1101, 1111 (5th Cir.), cert. denied, 449 U.S. 820 (1980)).  If the "reaction of the reasonable observer" would conclude that "there is an appearance of partiality, that ends the matter." Antar, 50 F.3d at 576, (citing Haines v. Liggett Group Inc., 975 F.2d 81, 98 (3d Cir. 1992) and Lewis v. Curtis, 671 F.2d 779, 789 (3d Cir.)("Impartiality and the appearance of impartiality in a judicial officer are the sine qua non of the American legal system."), cert. den., 459 U.S. 880 (1982)). The crux of the analysis centers upon the "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." Alexander, 10 F.3d at 162 (quoting In re School Asbestos Litigation, 977 F.2d 764, 776 (3d Cir. 1992)).  At an absolute minimum, "public confidence in the judicial system mandates ... the appearance of neutrality and impartiality in the administration of justice." Id. at 155.  To bolster the public's confidence in the judiciary, and ensure that the applicable proceedings are free from even a hint of potential bias, "justice must satisfy the appearance of justice." Id. (quoting School Asbestos Litigation, 977 F.2d at 782).   Although fairness to the litigants is obviously a motivating factor behind the recusal statute, the courts have deemed the need "to promote public confidence in the impartiality of the judicial process" as "equally important." Id. at 162.

The appearance of partiality that compels recusal may emanate either from "extrajudicial sources" or from events that occur within the courtroom.  Admittedly, the Third Circuit has stated that, as a general matter, if a duty to recuse arises, it would normally be the result of events occurring outside the courtroom.  However, the Third Circuit has "never explicitly required a showing of extrajudicial bias or prejudice as a prerequisite for disqualification under Sec. 455(a)." Alexander, 10 F.3d at 166. Because the "broader command" of Sec 455 (a) "concerns a wider range of interests" than recusal statutes requiring both actual bias and that said bias be

6

extrajudicial, the Third Circuit has never stated that the "source of apparent partiality must be extrajudicial in nature." Id. at 166-167.

Although comparatively uncommon, "opinions formed during a judicial proceeding may in certain instances give rise to a duty to recuse." Bertoli, 40 F.3d at 1412.  The simple fact that the appearance of partiality "arose through a judicial proceeding does not negate the duty to recuse." Antar, 50 F.3d at 574.  The difference between the two scenarios appears to be that the potential for bias "stemming from facts gleaned during judicial proceedings themselves must be particularly strong in order to merit recusal." Id.  It must rise to such a level that it squarely impacts upon the judge's ability to render fair judgment. Id.

To illustrate, Antar involved statements made by a district court judge at a sentencing hearing, when the district court was considering the amount of restitution to award. Specifically, the district court stated, "My object in this case from day one has always been to get back to the public that which was taken from it as a result of the fraudulent activities of this defendant and others. We will work the best possible formula we can to be as fair as possible to the public. If we can get the 120 million back, we would have accomplished a great deal in this case." Antar, 50 F.3d at 573-574.  After discussing the objective, reasonable man standard that applied to the inquiry, the Third Circuit ruled:

> ... this is a case where the district judge, in stark, plain and unambiguous language, told the parties that his goal in the criminal case, from the beginning, was something other than what it should have been and, indeed, was improper. Of course, a trial judge in a criminal proceeding should ensure that a fair and orderly trial takes place in the courtroom. Here, however, the district court told the parties that his goal from the beginning of the criminal proceeding was to enforce a repatriation order and final judgment issued during a concurrent civil proceeding and give back the proceeds recovered to the public.

Id. at 576. The judge's statements at sentencing would lead a reasonable observer to conclude that there was an appearance of partiality, a conclusion that was "further compelled" by "certain of the judge's comments and decisions during the trial, which when read in light of the remark at sentencing, make a reasonable observer even more concerned that the judge had an improper goal." Id. at 577.

Finally, the Third Circuit has indicated that a court's pre-judgment of an issue suffices as grounds for recusal, since the court's adherence to a predetermined view would cause a reasonable person to question the court's continued impartiality. Alexander, 10 F.3d at 163-164. To illustrate, in Alexander, a district court judge presided over a class action where the central issue concerned construction of a company's retirement plan documents. The district court granted summary judgment for the defendants, holding that the summary plan description clause unambiguously reserved the company's right to reduce employee welfare benefits. After the Third Circuit reversed (finding the summary plan descriptions to be ambiguous) the plaintiffs sought recusal, on the grounds that the district court had "prejudged their case." Id. at 158. The Third Circuit agreed, holding:

> Here, the observations made by [the District Court] throughout the conduct of these proceedings could well give rise to the questioning of his impartiality. Since reversal of his summary judgment order by this court--and despite his protestations to the contrary (see June 13, 1993 letter denying recusal)-- [the District Court] has apparently not receded from his view that the Summary Plan Descriptions, however they may be augmented to date, are unambiguous.

Id. at 164. The Court's reliance upon its previous factual findings and legal determinations, therefore, created a perception of impartiality, even though the district court "repeatedly denied bias in favor of [defendants], prejudice against the petitioners, or that he has prejudged this case." Id.

In light of the aforementioned Third Circuit decisions applying § 455(a) to their respective factual situations, this Court's actions create a perception of partiality, despite the Court's prior assurances of non-bias or prejudice against defendant Pelullo as stated in denying Pelullo's previous recusal motions.  In a proceeding that had absolutely no connection to Pelullo (the Clarke matter), this Court expressed the unfounded opinion, on the record in open court, that Salvatore Pelullo is somehow causing a disruption to normal court proceedings by proxy in cases other than his own.  This Court has further premised substantive decisions in this case on the presumption that Salvatore Pelullo is involved in legal shenanigans (giving bad legal advice as reported to the Court from other lawyers) with defendants other than his co-defendants in the within case.   The undisputed facts evidence an appearance of partiality that compels recusal for the purposes of sentencing.

## **CONCLUSION**

Wherefore, Defendant Pelullo request that the within motion be granted.

*/s/ Troy A. Archie*
Troy A. Archie, Esquire

Date:  February 17, 2015

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing served via the Electronic Case Filing (ECF) System this 17th day of February, 2015, upon the following:

**Honorable Robert B. Kugler**
United States District Judge
Mitchell Cohen Courthouse
Fourth and Cooper Street
1 John F. Gerry Plaza
Camden, NJ 08102

**Steven J. D'Aguanno, Esquire**
Assistant United States Attorney
United States Attorney's Office
401 Market Street, 4th Floor
Camden, New Jersey 08102

*/s/ Troy A. Archie*
Troy A. Archie, Esquire

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HONORABLE ROBERT B. KUGLER |
| | : | |
| vs. | : | |
| | : | |
| SALVATORE PELULLO | : | CRIMINAL NO. 11-740 (RBK) |

**ORDER**

NOW this _____ day of _____, 2015, it is hereby **ORDERED**, the Defendant's Motion for Limited Recusal is hereby **GRANTED**.

BY THE COURT:

_____
HONORABLE ROBERT B. KUGLER
United States District Court Judge